# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LARRY E. PARRISH, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:20-cv-00275 |
| ) | |
| ANDY D. BENNETT, FRANK G. ) | Judge Marvin E. Aspen |
| CLEMENT, and W. NEAL MCBRAYER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry E. Parrish, P.C. ("Parrish") brings this suit against Defendants Andy D. Bennett, Frank G. Clement, Jr. and W. Neal McBrayer (collectively "Defendants") under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Am. Compl. (Dkt. No. 7) at ¶¶ 28–30.) Parrish primarily seeks a declaration that Defendants intentionally included two false material statements in their Tennessee Court of Appeals ("COA") opinion ("Opinion") in *Larry E. Parrish, P.C. v. Strong*. No. M2017-02451-COA-R3-CV, 2018 WL 6843402, at *4–5 (Tenn. Ct. App., Dec. 28, 2018); (Am. Compl. at ¶¶ 61–67.) Before us is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. Dismiss ("Mot.") (Dkt. No. 11) at 1.) Defendants contend this court lacks subject-matter jurisdiction because lower federal courts do not have appellate jurisdiction to review state appellate decisions, and declaratory judgment is an inappropriate remedy. (*Id.*) Defendants further contend Parrish has failed to state a claim upon which relief can be granted due to the relevant statute of limitations, the doctrine of judicial immunity, and Parrish's failure to sufficiently plead a due process violation. (*Id.*) For the foregoing reasons, we grant Defendants' motion and dismiss this case with prejudice.

## BACKGROUND

Strong hired Parrish as counsel to bring a legal malpractice case against John H. Baker III and Bullock, Fly, & Hornsby (collectively "Baker"). (Am. Compl. at ¶ 38.) After the court granted Baker's motion for summary judgment, Strong withheld payment of legal fees to Parrish, and Parrish sued to recover these legal fees *in rem*. *Larry E. Parrish, P.C.*, 2018 WL 6843402, at *2. Strong counterclaimed that Parrish breached their contract. (Am. Compl. at ¶ 38.) Parrish filed a motion to strike all *in personam* claims against Larry E. Parrish, which was never granted. (*Id.* at ¶ 35). A jury ultimately found Parrish liable for breach of contract and awarded Strong approximately $2.3 million. (*Id.* at ¶ 44); *Larry E. Parrish*, 2018 WL 6843402, at *2.

Parrish filed a timely notice of appeal, and Defendants were the assigned COA panel. (*Id.* at ¶ 47.) Parrish sought to vacate the trial court judgment, arguing the court lacked appellate jurisdiction because judgment was entered against an unsued person. (*Id.* at ¶ 48.) On December 28, 2018, Defendants affirmed the relevant portion of the trial court judgment, without expressly ruling on Parrish's motion to dismiss. (*Id.* at ¶ 53–54.)

Following numerous unsuccessful appeals in state court, Parrish filed a "First Amended Complaint for Declaratory Judgment" in federal court on April 13, 2020. (Am. Compl. at 30.) Parrish alleges Defendants intentionally published false statements in the Opinion. (*Id.* at ¶ 61–67.) The first statement is that Strong's counterclaim was directed at Parrish's professional corporation. (*Id.* at ¶ 67.) Parrish contends this statement is false because Strong's counterclaim only referred to Larry E. Parrish, rather than the professional corporation. (*Id.* at ¶ 27–28.) Parrish further argues Defendants knew the statement was false "from objective firsthand observation." (*Id.*) Parrish also claims the COA intentionally misconstrued its strike motion as arguing Strong was not a party to the *in rem* proceedings. (*Id.* at ¶ 64.) Parrish argues this

statement is false because its motion was to strike the sections of Strong's counterclaim that were directed at Larry E. Parrish, not to strike Strong as a party. (*Id.* at ¶ 37.) Parrish contends Defendants' inclusion of these statements in the Opinion violated its Fourteenth Amendment Due Process Clause right to a "fair trial" and Equal Protection Clause right "to access justice." (*Id*. at ¶ 28–30.)

## STANDARD OF REVIEW

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "comes in two varieties: a facial attack or a factual attack." *O'Bryan v. Holy*, 556 F.3d 361, 375 (6th Cir. 2009). Defendants mount a facial attack that "questions merely the sufficiency of the pleading" to establish subject-matter jurisdiction. *Id*. "In reviewing the facial attack, courts must accept all allegations as true." *Id*.

To address a motion to dismiss for failure to state a claim under 12(b)(6), this court "accept[s] all well-pleaded factual allegations in the complaint as true [] and draw[s] all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Further, this court "need not 'accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

## ANALYSIS

**(A) Subject-Matter Jurisdiction**

Defendants argue Parrish's claims ought to be dismissed for lack of subject-matter jurisdiction because lower federal courts cannot exercise appellate review over state court proceedings, and Parrish's requested declaratory judgment would be purely advisory. (Mot. at 1.)

*(1) Rooker-Feldman Doctrine*

"[L]ower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Pieper v. Am. Arbitration Ass'n. Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 150 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983)). Subject-matter jurisdiction does not exist when "the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citation omitted). This doctrine applies even to erroneous state court judgments. *See In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986).

Parrish essentially asks us to engage in appellate review of a state court proceeding under another name. Evaluating whether statements in the COA's opinion were intentionally false would require us to impermissibly review the factual basis of the relevant opinion. *Pieper*, 336 F.3d at 462. This is not a close issue, it is obvious from the face of Parrish's complaint that further appellate review is his aim. As a result, Parrish's claims are dismissed with prejudice for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. We remind Parrish that, as a lawyer, he is an officer of the court he has an obligation to review the relevant law before filing a complaint before this court. *See* Fed. R. Civ. P. 11.

*(2) Declaratory Judgment*

> To determine whether declaratory judgment is a proper remedy we consider:
>
> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). District courts ought to decline jurisdiction "if the sought-after declaration would [] be… purely advisory." *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 760 (6th Cir. 2014).

This court lacks subject-matter jurisdiction over Parrish's claims because no *Grand Trunk* factors weigh in favor of this court exercising jurisdiction.[1] Declaratory relief could not "settle the controversy" or "clarify[] the legal relations in issue" because the Tennessee courts already settled all relevant issues. *See* (TN SC Recusal Review (Dkt. No. 11-3) at 3–5); (TN SC Order on Appellant's Petition to Appeal (Dkt. No. 11-3) at 2); (TN SC Order on Appellant's Petition to Rehear the Petition to Appeal (Dkt. No. 11-3) at 1.) Any opinion from this court would do nothing more than begin anew Parrish's seemingly endless stream of appeals and filings.Further, exercising review over a state appellate opinionwould "improperly encroach upon state jurisdiction." *Grand Trunk Western R. Co.*, 746 F.2d at 326. This court would have to undertake an appellate function and decide whether Defendants erred. Therefore, Parrish's suit "is an attempt to have [this court] do what the [Tennessee state courts] ha[ve] already refused to do." *Id*. This is especially true, given that Parrish has a more appropriate remedy available: appeal the predicate case to the United States Supreme Court. *Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

Based on review of these factors, declaratory judgment from this court would be purely advisory and increase federal-state friction unnecessarily. Therefore, we dismiss for lack of subject-matter jurisdiction.

---

[1] Factor (3) is neutral because Parrish is seeking declaratory judgment after the conclusion of litigation in state court. *See United Specialty Insurance Co.*, 936 F.2d at 399.

**(B) Failure to State a Claim**

Defendants further argue Parrish fails to state a claim upon which relief can be granted due to the relevant statute of limitations, the doctrine of judicial immunity, and Parrish's failure to sufficiently plead a due process violation. (Mot. at 1.)

*(1) Statute of Limitations*

"Tennessee law provides that civil actions brought under the federal civil rights statutes shall be commenced within one year after the cause of action accrued." *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992); *see also* Tenn. Code Ann. § 28-3-104 (1985).

Parrish's federal civil rights action is barred by the one-year statute of limitations. *Id*. The alleged violation occurred on December 28, 2018 when Defendants filed the Opinion. (Am. Compl. at ¶ 20.) The present suit was not filed until March 27, 2020, which is more than one year later. (Compl. at 1); (Defendant's Motion to Dismiss Memo ("Mem.") (Dkt. No. 8) at 8.) Thus, Parrish's claims are barred under the statute of limitations, so we grant the motion to dismiss as to all claims.[2]

*(2) Judicial Immunity*

Defendants argue their status as Tennessee appellate court judges immunizes them from suit. (Mem. at 8.) Judicial immunity provides judges "immunity from suit." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). It is neither "overcome by allegations of bad faith or malice," *id*., nor a judge acting "erroneously, corruptly, or in excess of his jurisdiction." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). There are two sets of circumstances where judicial

---

[2] Parrish argues the applicable statute of limitations is not one year because "[d]efendants… acted beyond their capacity as state actors." ("Plaintiff's Response in Opposition to Defendants' Motion to Dismiss" (Dkt. No. 18) at 20.) This argument is baseless because this assertion, whether true or false, is irrelevant to the statute of limitations provision. *See* Tenn. Code Ann. § 28-3-104 (1985).

immunity is overcome. *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id*. "Second, a judge is not immune for actions … taken in the complete absence of all jurisdiction." *Id*. A judge "acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court." *Johnson*, 125 F.3d at 333. The "scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105 (1978)).

Defendants are immune from Parrish's obvious attempt to manipulate federal civil rights law to relitigate an unfavorable state court ruling.[3] First, Defendants were acting in their judicial capacity when they announced the Opinion.[4] Second, Defendants' judicial actions were not taken in the complete absence of all jurisdiction because the COA has appellate jurisdiction over all civil cases. *See* Tenn. Code. Ann. § 16-4-108(a). Parrish's bare assertions that Defendants intentionally falsified statements in the Opinion (Am. Compl. at ¶ 61–67) are insufficient to show they acted "clearly outside the subject matter of the court." *Johnson*, 125 F.3d at 333. This is especially the case given the presumption that Defendants were within their jurisdiction to render the Opinion. *See King*, 766 F.2d at 965. Parrish's attempt to abuse civil rights law to create federal jurisdiction cannot continue in our court. We grant Defendants' motion to dismiss based on judicial immunity.

---

[3] The court does not accept that the suit is against Defendants in their capacity as private citizens because it relies on a legal conclusion that Defendants are not protected under judicial immunity. (Am. Compl. at ¶ 7.)

[4] Parrish's contention that a judge falsifying information in an opinion is a nonjudicial act, (Am. Compl. at ¶ 74), is unfounded because judicial immunity exists "even if a judge acts erroneously [or] corruptly." *Johnson*, 125 F.3d at 333.

*(3) Insufficient Factual Pleadings*

Parrish alleges Defendants violated its right to a fair trial under the Fourteenth Amendment Due Process Clause. (Am. Compl. at 28–30.) The Due Process Clause requires "a fair trial in a fair tribunal, before a judge with no actual bias against the defendant." *Bracy v. Gramley*, 520 U.S. 899, 904–05, 117 S. Ct. 1793, 1797 (1997) (citation omitted). Further, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994) (citation omitted). There is also a "presumption of honesty and integrity in those serving as adjudicators" that weighs against finding bias. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464 (1975).

Parrish's allegations of judicial bias do not demonstrate a due process violation, and therefore, fail to state a claim. Parrish's argument hinges on the standard for the due process violation shifting from "actual bias" to "appearance of undermined neutrality." *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1902 (2016). Parrish's claim fails under both standards. Parrish's argument reads bad faith into a judicial opinion, and nothing more. Since judicial opinions standing alone usually do not demonstrate bias, more is necessary for Parrish to state a claim. *Liteky*, 510 U.S. at 555, 144 S. Ct. at 1157. Even if this were a close case, the presumption that adjudicators serve with honesty and integrity means we err on the side of Defendants absent far more persuasive evidence of bias. *Withrow*, 421 U.S. at 47, 95 S. Ct. at 1464. Far from providing persuasive evidence of bias, Parrish uses this court as a forum to vent his spleen on Tennessee appellate judges without citing any evidence. This court is not a forum for baseless accusations of bias. We grant Defendant's motion to dismiss for failure to establish the factual basis of any constitutional claim upon which we can grant relief.

## CONCLUSION

For the foregoing reasons, we grant Defendants' motion to dismiss with prejudice both for lack of subject-matter jurisdiction and for failure to state a claim. (Dkt. No. 11.)[5]

_____
Marvin E. Aspen
United States District Judge

Dated: July 10, 2020
Chicago, IL

---

[5] If Defendants wish, they may file proof of reasonable attorneys' fees and costs incurred in defending this lawsuit within seven days of this Order. It is so ordered.