UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY E. PARRISH, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:20-cv-275 |
| | ) Judge Marvin E. Aspen |
| ANDY D. BENNETT, FRANK G. | ) |
| CLEMENT, and W. NEAL McBRAYER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

After we dismissed Plaintiff Larry E. Parrish, P.C.'s ("Plaintiff")[1] lawsuit, Defendants, Tennessee Court of Appeals Judges Andy D. Bennett, Frank G. Clement, Jr., and W. Neal McBrayer (collectively, "Defendants"), filed a Motion for Attorney's Fees. (Dkt. No. 25.)[2] Defendants argue that we should award $7,572.50 in attorney's fees to the Tennessee Attorney General under 42 U.S.C. § 1988(b), 28 U.S.C. § 1927, and the court's inherent power to assess attorney's fees because "Plaintiff knew or should have known its suit was frivolous, unreasonable, and without foundation upon filing." (Dkt. No. 25 at 1; *see also* Dkt. No. 31 at 3–4.) For the reasons set forth below, we grant Defendant's motion in part and deny it in part.

**BACKGROUND**

This litigation stems from a breach of contract counterclaim brought by one of Plaintiff's clients against Plaintiff in Tennessee state court.[3] (First Amended Complaint ("Am. Compl.")

---

[1] Larry E. Parrish, P.C. is represented by attorney Larry E. Parrish ("Mr. Parrish").
[2] Plaintiff's notice of appeal (Dkt. No. 32) does not impact our authority to issue sanctions. *See, e.g., Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) ("[F]ederal courts repeatedly have held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post-judgment motion for attorney[']s fees.")
[3] Plaintiff disputes that a counterclaim was properly brought against it, contending that it was an "unsued person." (Am. Compl. ¶ 44.)

1

(Dkt. No. 8) ¶¶ 38, 46.)  At trial, a jury found for Plaintiff's client and awarded her approximately $2.3 million.  (*Id.* ¶ 44.)  Plaintiff appealed, and on December 28, 2018, Defendants affirmed the relevant portion of the trial court judgment.  *See Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, 2018 WL 6843402 (Tenn. Ct. App. Dec. 28, 2018).

Plaintiff then filed numerous unsuccessful appeals and related motions in the state court before filing the instant suit.  (*See* Dkt. Nos. 11-1, 11-2, 11-3.)  In the instant suit, Plaintiff takes issue with certain statements in Defendants' opinion, which Plaintiff contends are false.  (Am. Compl. ¶¶ 61–67.)  First, Plaintiff claims that it was incorrect to state that its client's counterclaim was directed at Plaintiff because Plaintiff was never named properly, and the allegations in the counterclaim related to Mr. Parrish as an individual.  (*Id.* ¶ 67.)  Second, Plaintiff alleges that Defendants intentionally misconstrued Plaintiff's motion to strike.  (*Id.* ¶ 64.)

We dismissed Plaintiff's suit on several grounds.  *Larry E. Parrish, P.C. v. Bennett*, 3:20-cv-00275, 2020 WL 3895187, at *2–4 (M.D. Tenn. July 10, 2020).  First, we held that we do not have subject matter jurisdiction over the case because our opinion would have been purely advisory, and because a federal District Court may not review a state appellate court's decision in a civil matter like this.  *Id.* at *3.  Second, the statute of limitations and the doctrine of judicial immunity bar our consideration of the case.  *Id.* at *3–4.  Third, Plaintiff has not stated a claim for a constitutional violation under the Due Process Clause of the Fourteenth Amendment.  *Id.* at *4.

## LEGAL STANDARD

Defendants argue that sanctions are appropriate under 42 U.S.C. § 1988(b), 28 U.S.C. § 1927, and the court's inherent power to assess attorney's fees.  (Dkt. No. 25 at 1; *see also* Dkt.

No. 31 at 3–4.)

### A. Section 1988(b) Sanctions

Under 42 U.S.C. § 1988(b), when a party sues under § 1983, a district court may award the prevailing party, other than the United States, reasonable attorney's fees as part of the costs of litigation. *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014). A prevailing party is one who has "'receive[d] at least some relief on the merits of his claim' amounting to 'a court-ordered change in the legal relationship between the plaintiff and the defendant.'" *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001) (internal quotation marks and citations omitted)).

Attorney's fees may be awarded to a prevailing defendant. *See Coalition to Defend Affirmative Action v. Regents of Univ. of Michigan*, 719 F. Supp. 2d 795, 800 (E. D. Mich. 2010) (observing that plaintiff could not recover attorney's fees and costs unless he was a "prevailing party," either as a plaintiff or a defendant) (internal quotation marks and citations omitted). However, prevailing defendants have a far greater burden to justify an award of attorney's fees. *See id.* at 801. The difference in treatment stems from the idea that "plaintiffs are usually private attorney generals" attempting "to eradicate unlawful discrimination," and the equitable considerations weighing in favor of an award of attorney's fees to a prevailing plaintiff might not be present in the case of a prevailing defendant. *Id.* at 801–02 (internal quotation marks and citations omitted).

"[A]warding attorney fees against a nonprevailing plaintiff in a civil rights action is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga Cty. Juvenile Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*,

3

789 F.2d 1225, 1232 (6th Cir. 1986)). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Courts need not find that the plaintiff brought the case in subjective bad faith. *Garner*, 554 F.3d at 636.

### B. Section 1927 Sanctions

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions are appropriate where "an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). Such sanctions are intended to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios*, 465 F.3d at 646.

"Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Jones*, 789 F.2d at 1230).

An attorney who is sanctioned pursuant to this rule must "personally satisfy the excess costs attributable to his misconduct." *Red Carpet Studios*, 465 F.3d at 646.

### C. Sanctions Under Court's Inherent Power

Federal courts have "inherent power to assess attorney's fees against counsel who willfully abuse judicial processes or who otherwise act in bad faith." *Red Carpet Studios*, 465 F.3d at 646. Attorney's fees are appropriate where a court finds: "[1] that the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (internal quotation marks and citations omitted).

## ANALYSIS

### A. Request for Attorney's Fees

Sanctions are appropriate under both 28 U.S.C. § 1927 and our inherent power to sanction abusive counsel.

As noted above, Mr. Parrish pursued a string of appeals and dilatory motions, concerning the same underlying case, before filing this suit. *See, e.g., Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-SC-R11-CV (Tenn. Aug. 12, 2019); *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-SC-R11-CV (Tenn. July 25, 2019); *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-SC-A10B-CV (Tenn. April 5, 2019); *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV (Tenn. Ct. App. Mar. 14, 2019). In the course of those proceedings, Tennessee Court of Appeals Judges Bennett and Clement Jr. observed that Mr. Parrish had made statements impugning the integrity of the Tennessee legal system, which were substantially similar to statements for which he had previously been sanctioned. *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, at 5 (Tenn. Ct. App. Jan. 22, 2019) (Bennett, J.); *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, at 4–5 (Tenn. Ct. App. Jan. 22, 2019) (Clement, Jr., J.). They referred him to the Tennessee Board of Professional Responsibility for further

proceedings. *Id*. Plaintiff was also ordered to cover certain costs. *See, e.g., Larry E. Parrish, P.C.*, No. M2017-02451-SC-A10B-CV, at 3 ("Costs are taxed to the appellant, Larry E. Parrish, P.C., for which execution may issue if necessary.")*; Larry E. Parrish, P.C. v. Strong*¸ No. M2017-02451-COA-R3-CV, at 4 (Tenn. Ct. App. Mar. 6, 2019) ("[T]his matter is remanded to the trial court to determine reasonable attorney fees related solely to appellee having to respond to the Rule 3.02(b) motion filed by appellant.").

Undaunted, Mr. Parrish filed a lawsuit in federal court, effectively asking us to review actions taken by the Tennessee Court of Appeals judges alleging that they, "with forethought and intentionality and knowing same to be false, deliberately and unmistakably, included two objectively and indisputably false material . . . statements" in their opinion, which purportedly violated Plaintiff's rights guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Am. Compl. at 2.) We dismissed the suit on various grounds and invited Defendants to submit a motion for attorney's fees. *Larry E. Parrish, P.C.*, 2020 WL 3895187, at *5.

Mr. Parrish's approach is concerning for several reasons. First, as a member of the bar, Mr. Parrish is obligated to review relevant law before filing suit in federal court. *See* Fed. R. Civ. P. 11. If he had done so, he would have found that his case was barred by the *Rooker-Feldman* doctrine, among other fundamental legal principles. *See generally Larry E. Parrish, P.C.*, 2020 WL 3895187.

Second, Mr. Parrish engaged in vexatious conduct that unreasonably multiplied the proceedings by filing the instant suit after pursuing a string of unsuccessful state court appeals and dilatory motions related to the same underlying suit. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (agreeing that monetary sanctions were appropriate where attorney filed

"frivolous and vexatious lawsuits related to the same subject matter"). Mr. Parrish knew, or should have known, that the claims that he brought here were frivolous for the reasons provided in our prior opinion. *See generally Larry E. Parrish, P.C.*, 2020 WL 3895187.[4]

In response to the motion for attorney's fees, Mr. Parrish makes no attempt to argue that the instant suit was not frivolous. (*See generally* Plaintiff's Response in Opposition and Memorandum in Support to Defendants' Motion for Attorney's Fees ("Opp.") (Dkt. No. 28).) Instead, he argues that the suit was designed to obtain a declaratory judgment without regard to further relief and potentially to "incentivize an out-of-court settlement." (*Id*. at 3.) Filing a lawsuit solely to force a settlement may qualify as improper conduct subject to sanctions. *See, e.g., Homico Const. and Development Co. v. Ti-Bert Systems, Inc.*, 939 F.2d 392, 395 (6th Cir. 1991) (Joiner, J.) (dissenting) ("The use by the defendant of the procedures and processes of the courts in an attempt to force settlement without an intent to go to trial . . . justify the award of sanctions against the defendant."); *Malibu Media, LLC v. Doe*, Case No. 1:14-cv-493, 2016 WL 1242687, at *5 (S.D. Ohio Mar. 30, 2016) (denying a motion for sanctions while holding that "[u]nder the right circumstances, filing a lawsuit solely to force a settlement may qualify as improper conduct subject to sanctions."); *In re Leeds Bldg Prods., Inc.*, 181 B.R. 1006, 1012

---

[4] This is not the first time that Mr. Parrish has engaged in vexatious conduct. Mr. Parrish recently pursued a similar strategy in litigation concerning the disposition of an estate. *See In re May 27, 2011 Order*, No. 2:20-cv-02153-TLP-tmp, 2020 WL 6532850 (W. D. Tenn. Nov. 5, 2020). The Tennessee Court of Appeals heard at least seven appeals relating to the estate, repeatedly finding that res judicata from the first judgment barred later actions. *Id*. at *2. The Tennessee Court of Appeals sanctioned Mr. Parrish's clients for the frivolous litigation, and Mr. Parrish was eventually suspended for his conduct. *Id*. He then filed suit in federal court against a state court order and a state court judgment, effectively asking the Western District of Tennessee to set aside those decisions. *Id*. In that suit, Mr. Parrish argued that a trial judge had been biased, and the judge's bias, combined with the judge's refusal to recuse himself, violated his client's due process rights under the Fourteenth Amendment. *Id*. In that case, as in this one, Mr. Parrish had little foundation for making such claims, and the case was dismissed with prejudice based on the *Rooker-Feldman* doctrine. *Id*. at *3–4.

7

(N.D. Ga. 1995) (Clearly, "seeking a settlement after filing a complaint is not sanctionable conduct in and of itself. . . . The practice does become objectionable and sanctionable, however, when one party files an action that is objectively baseless and lacking in merit with the hope that the other party will settle to cut its litigation costs."). Thus, this argument does little to salvage Mr. Parrish's position; and if anything, reinforces the notion that this suit was pursued for an improper purpose.

Third, and of greatest concern, are the unfounded statements that Mr. Parrish has made impugning the integrity of the Tennessee legal system. In the First Amended Complaint, Mr. Parrish suggests that Defendants deliberately made false statements in their opinion (Am. Compl. at 1) and violated their oaths of office (Am. Compl. ¶ 78)—purportedly because they reviewed the trial court record, ignored certain obvious facts, and did not rule in Plaintiff's favor. (Am. Compl. ¶¶ 27–46, 70–71.) Thereafter, in his opposition to Defendants' motion to dismiss, Mr. Parrish claims that Defendants included a false statement concerning the identity of one of the parties to the litigation "[f]or no reason but to cover up the fact that neither the [Court of Appeals] nor the trial court had even an inkling of jurisdiction. . . ." (Dkt. No. 18 at 5.) He claims that in doing so, "Defendants abused the public trust vested in them and affirmed by their oath of office. . . ." (*Id.*) He then questions the value of judicial immunity, writing, "If the salutary necessities for judicial immunity are stretched beyond the necessities, judicial immunity becomes a threat to public welfare, rather than a necessity for stability for administration of justice." (*Id.* at 9.) Mr. Parrish offers no reason whatsoever to support his claims that these supposed "false statements" were anything but a mistake or a difference of opinion.

These and other statements go beyond the bounds of zealous advocacy and are prejudicial to the administration of justice. *See* Judge Marvin E. Aspen, Final Report of the Committee on

Civility of the Seventh Federal Judicial Circuit, 143 F.R.D. 441, 448 (1992) ("Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently. Such conduct tends to delay and often to deny justice.") It is one thing to claim that a court has committed legal error and another to accuse the court of impropriety. The serious accusations that Mr. Parrish levels at the Tennessee Court of Appeals, and the legal system more broadly, must be supported by more than Mr. Parrish's disagreement with the Court of Appeals' opinion. *See generally Bd. of Prof'l Responsibility v. Parrish*, 556 S.W.3d 153 (Tenn. 2018) (imposing sanctions where Mr. Parrish made derogatory statements about appellate court judges that no reasonable attorney would have made); *Disciplinary Counsel v. Gardner*, 793 N.E.2d 425, 432–433 (Ohio 2003) (sanctioning attorney who made unfounded attacks against the judiciary because he disagreed with a court's analysis and the disposition of his client's appeal). Mr. Parrish should be well aware of this fact, given that his law license was once suspended for making similar statements, and he was recently referred to the Tennessee Board of Professional Responsibility for making unsubstantiated statements that impugned the integrity of the judiciary. *See Parrish*, 556 S.W.3d at 155–56; *Larry E. Parrish, P.C.*, No. M2017-02451-COA-R3-CV, at 5 (Bennett, J.); *Larry E. Parrish, P.C.*, No. M2017-02451-COA-R3-CV, at 4–5 (Clement, Jr., J.).

His strategy of calling judges' integrity into question whenever they disagree with him is a form of harassment that cannot be tolerated from a member of the legal profession. *See Leeds v. City of Muldraugh, Meade Cty., KY*, 174 Fed. App'x. 251, 255–56 (6th Cir. 2006) (granting sanctions pursuant to 28 U.S.C. § 1927 where defendants argued that plaintiffs had filed a "frivolous appeal to harass the defendants and delay the finality of the judgment"). Moreover, sanctions are appropriate where counsel repeats conduct for which he has been sanctioned in the

9

past. *See, e.g., In re 60 East 8th Street Equities, Inc.*, 218 F.3d 109, 112 (2nd Cir. 2000) (affirming sanctions imposed by the trial court and imposing sanction for similar conduct on appeal); *Fallin v. Baltimore, Cty., Maryland*, No. 97-2425, 1999 WL 753992, at *1 (4th Cir. Sept. 23, 1999) (concluding that sanctions were appropriate where counsel had submitted vexatious and duplicative filings, and been sanctioned for similar conduct in the past). For all these reasons, Mr. Parrish will be sanctioned pursuant to both 28 U.S.C. § 1927 and our inherent power to sanction overzealous attorneys.[5]

We decline to impose sanctions under 42 U.S.C. § 1988(b), principally because attorney's fees are only awarded to prevailing defendants in the rarest of circumstances.[6] *See Sprague v. Forystek*, No. 05-73977, 2007 WL 2812300, at *1 (E.D. Mich. Sept. 26, 2007) (observing that attorney's fees are only awarded to prevailing defendants where there have been "truly egregious cases of misconduct") (internal quotation marks and citations omitted). Although Mr. Parrish's conduct comes close to satisfying this standard, we do not want to inadvertently chill civil rights litigation by awarding fees in this case, especially since sanctions are appropriate on other grounds. *See Garner*, 554 F.3d 624, 635–36.

---

[5] There is no merit to Mr. Parrish's argument that § 1927 sanctions are unavailable to Defendants because Defendants are represented by the Attorney General of Tennessee at no cost. (Opp. at 5.) Attorney's fees are available under § 1927, regardless of whether a party is represented by private counsel or the government. *See, e.g., Ridder*, 109 F.3d at 298–99; *United States v. Perfecto*, No. 1:06-cr-20387-JDB-2, 2010 WL 11602757, at *2 (W.D. Tenn. July 21, 2010) (denying a motion to set aside costs that had previously been awarded to the government).

[6] Plaintiff argues that this is not a § 1983 lawsuit because that provision is not cited in the First Amended Complaint, and Plaintiff is not seeking monetary relief. (Opp. at 2–3.) At the same time, Plaintiff claims that Defendants violated Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Am. Compl. at 2.) This suggests that Plaintiff is attempting to bring a § 1983 lawsuit by a different name. However, we need not resolve this issue since we are not sanctioning Plaintiff pursuant to § 1988(b) on other grounds.

### B. Fee Calculation

Having concluded that sanctions are appropriate in this case, we next consider whether defense counsel's fee calculation is reasonable. Defense counsel has been licensed to practice law in the State of Tennessee since November 2012. (Dkt. No. 25-1 ¶ 2.) She served as a law clerk for the Hamilton County Chancery Court for approximately one year and has worked for the Tennessee Attorney General's Office for approximately seven years. (*Id.* ¶¶ 2–3.) She is currently a Senior Assistant Attorney General. (*Id.* ¶ 2.) She states that she spent 23.3 hours on this matter, not including her work on the motion for fees, at a cost of $325 per hour. (*Id.* ¶¶ 4–5.) In support of this calculation, she appended a list of tasks that she performed, and the approximate amount of time spent on each task. (Dkt. No. 25-1 at Ex. A.) Neither Plaintiff nor Mr. Parrish object to these figures. (*See generally* Opp.)[7]

Counsel's fees are extremely reasonable, given the litigious nature of the case, and the fees charged by other attorneys with similar experience and ability in the region. *See, e.g., Vanderhoef v. Dixon*, No.: 3:16-CV-00508, TAV-DCP, 2020 WL 4673464, at *3 (E.D. Tenn. Aug. 12, 2020) (concluding that a rate of $350 per hour was reasonable for an attorney with fourteen years of experience in the Knoxville, Tennessee area).

---

[7] Although Plaintiff does not articulate any issues with defense counsel's calculations, Plaintiff demands that we impanel a jury to determine "the reasonableness of the amount to be awarded." (Opp. at 2.) Plaintiff is not entitled to a jury trial on this issue. The imposition of attorney's fees is within our discretion, and there is ample evidence on the record to support our determination. *See Chambers v. NASCO, Inc.*, 501 U.S. 2123, 2133–36 (1991) (observing, among other things, that courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.")

## CONCLUSION

For the reasons set forth above, we sanction Mr. Parrish and order him to pay attorney's fees in the amount of $7,572.50 to the Tennessee Attorney General. It is so ordered.

                                                      _____
                                                      Honorable Marvin E. Aspen
                                                      United States District Judge

Dated: December 23, 2020